## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Diane M. Hudson

January 30, 1985

Case No. (Criminal) 44287

By JUDGE JOHANNA L. FITZPATRICK

This matter comes before me on Defendant's Motion to Dismiss. After a review of the file, pleadings, and memoranda submitted to the Court, I find that the Defendant's Motion to Dismiss should be denied but that evidence of the breath analysis performed by the Commonwealth should be suppressed.

Section 18.2-268(b) of the Code of Virginia provides that "if the arresting officer elects a breath test, then the arresting officer shall advise the accused in writing of the right to have a blood test at his own expense." The Notice of Right to Blood Test signed by the Accused informed her of her right to have a blood test performed at her own expense, as required by statute, but also added the conditional language "upon your release." Why this language was added to the form remains unclear. What is clear, however, is that the statute's language creates an affirmative duty not limited by any conditional clause. The affirmative duty mandated by the statute makes little sense if, for example, an individual cannot make bail. Any blood test too removed in time from that of the arrest is devoid of probative value. To allow the Commonwealth's interpretation, the right to a blood test under these circumstances would be rendered meaningless. While the Commonwealth's argu-

ments are well taken, and I agree that problems concerning the care and handling of blood are procedural in nature; this procedural limitation applies to the actual blood taking process, not the substantive right involved here. The conditional language of the form, had the effect of depriving the Accused of her right to "call for evidence in (her) favor." Va. Const., Art. I, Sec. 8. *See also Winston v. Commonwealth*, 188 Va. 386 (1948).

There was no evidence presented indicating any problem with the original arrest. For this reason, the arrest remains untainted by the subsequent violation, and the Commonwealth may go forward with other evidence.

For the foregoing reasons, it is ordered that the results of the breath analysis, performed by the Commonwealth be suppressed.